## CIRCUIT COURT OF ARLINGTON COUNTY

Russell et al.

v.

Ellis

February 21, 1984

Case No. (Chancery) 34697

### By JUDGE WILLIAM L. WINSTON

The question presented in this case is whether a deed created a tenancy in common between the grantees or a joint tenancy with the full common law right of survivorship between them.

The defendant and Cecil Campbell purchased property in Arlington County in 1973. Cecil Campbell was separated from his wife, one of the plaintiffs, but not divorced. Sometime after taking title to the property and after the recordation of the deed, he obtained a divorce and married the defendant. He later died giving rise to this litigation between his first family and his widow.

The deed purported to create an estate by the entireties. Naturally that estate was not created because the grantees were not married at the time of the conveyance. The deed referred to the grantees as "Cecil Campbell and June E. Campbell, his wife." The granting clause of the instrument included this language:

> . . . as tenants by the entirety with the full common law right of survivorship, it

being intended that the part of the first one dying shall then belong to the survivor.

The plaintiffs claim that a tenancy in common was created; the defendant, a joint tenancy. The tenancy by the entirety is a form of joint tenancy as modified by the common law principle of the unity of husband and wife. Minor, *The Law of Real Property*, Second Edition, Section 853.

The language used in the deed created a joint tenancy. The question then is the effect, if any, of Section 55-20, Code of Virginia, which abolishes survivorship between joint tenants and Section 55-21, Code of Virginia, which removes from the effect of the former section, an estate conveyed "when it manifestly appears from the tenor of the instrument that it was intended the part of the one dying should then belong to the others."

The language used in this conveyance is that used to create a joint tenancy, and for that reason the survivorship is saved by Section 55-21 of the Code of Virginia.

Counsel for the defendant should prepare an order consistent with the foregoing incorporating therein by reference this memorandum. It should be endorsed by counsel, noting exceptions. The order should contain a legal description of the property, and should vest title in the survivor so that anyone examining this title in the future will see that this question has been adjudicated.